IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| DAVID MORRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 1:04-1027-T |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

ORDER GRANTING PLAINTIFF'S SUPPLEMENTAL MOTION FOR APPROVAL
OF ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)

Plaintiff David Morris ("Claimant") moves for an order approving his attorney's fees pursuant to 42 U.S.C. § 406(b). The Commissioner objected to Claimant's motion on the ground that Counsel had not presented enough information for the court to assess the reasonableness of the fee. Counsel promptly responded by filing an amendment setting forth the hours he expended in connection with his successful representation of Claimant before the court.

When a court renders judgment resulting in the award of benefits to a social security claimant, 42 U.S.C. § 406(b) permits the court to allow a "reasonable [attorney's] fee" not exceeding twenty-five percent (25%) of the claimant's past-due benefits. 42 U.S.C. § 406(b). In most cases, including this one, the attorney and the social security claimant have

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on  11-18-05

already entered into a contingency fee agreement that prescribes 25% of past-due benefits as the amount the attorney should be awarded in the event of successful court representation. Although the court must act as an "independent check" in individual cases to ensure that a particular agreement does not yield an unreasonable result, *see Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002), the court should also be mindful of the realities that make contingency fee agreements the "primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Id.; see also id.* at 806 (noting that, in 1990, the Social Security Administration had reported to Congress that, while "hardly flawless," contingency fee agreements are the most effective means of ensuring that claimants can locate attorneys willing to represent them). This court, accordingly, has cited with approval cases that illustrate a "deferential" approach to contingency fee agreements in social security disability cases. *Droke v. Barnhart*, No. 02-1284, 2005 U.S. Dist. LEXIS 27244, at *4 (W.D. Tenn. Sept. 6, 2005) (order granting motion for award of attorney fees) (internal quotation marks omitted) (citing *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005)). The court will reduce for unreasonableness the fee mandated by the attorney-client agreement only if either " 'the character of the representation [or] the results the representative achieved'" make a reduction appropriate. *Id.* (quoting *Gisbrecht*, 535 U.S. at 808).

Here, Counsel has represented Claimant, either administratively or judicially, in connection with Claimant's application for benefits since 1999. Counsel first initiated judicial proceedings on July 9, 2002, when he filed a complaint seeking review of the

2

agency's determination that Claimant was not disabled. On December 12, 2002, after briefing by the parties, the court entered a judgment reversing that decision and remanding Claimant's case for reconsideration under Sentence Four of 42 U.S.C. § 405(g). On February 17, 2004, Counsel filed a second complaint on Claimant's behalf after the agency again found that Claimant was not under a disability. Because of deficiencies in the audio-transcript of Claimant's second administrative hearing, the Commissioner suggested another remand in April 2004, which Counsel did not oppose and which the court granted. Soon thereafter, the agency reversed course, finding that Claimant had in fact been disabled since November 2, 1998 and was entitled to past-due benefits dating back to May 1999. Pursuant to § 406(b), the Commissioner withheld $12,789.75 (25%) of Claimant's total past-due benefits pending court-approval of a "reasonable fee."

Counsel seeks court-approval of $8,000.00 of the 12,789.75 withheld, representing the work that he performed in two separate rounds of judicial review before the court.[1] Counsel has submitted a breakdown of the time expended showing 27.45 hours. The resulting hourly rate for Counsel's court-representation is approximately $291.00. The court has approved much higher fees in the past. *See Droke*, 2005 U.S. Dist. LEXIS 27244, at *3 (approving $830.82 per hour where counsel achieved exceptional result). More important in this case, however, is the fact that the accrual of past-due benefits is in no way attributable

---

[1] 42 U.S.C. § 406(a) governs fees for attorney representation at the administrative level. Counsel in this case is seeking the remainder of the withheld amount from the Commissioner for the work he performed at the agency level.

to Counsel. Counsel has been seeking benefits for his client since 1999. After three unsuccessful years at the agency level, Counsel sought court review and the court agreed with Counsel that the agency's initial decision was not supported by the record. After another unfavorable ruling below, Counsel once again appealed only to have the case remanded because of omissions in the administrative record. The Commissioner very soon thereafter determined that Claimant had been disabled since 1998. As a result of the delay, the amount of past-due benefits—and consequently the amount of fees mandated by the parties' agreement—is larger than it would have been if the agency had awarded benefits before the first round of court proceedings in 2002. That fact should not be held against Counsel, who has faithfully represented Claimant throughout the entire process and who in no way caused the delay in the resolution of this case.

For the foregoing reasons, the fee that is mandated by the contingency fee agreement in this case is a reasonable fee, and no reduction is warranted. Therefore, Plaintiff's Supplemental Motion for Approval of Attorney Fees Pursuant to 42 U.S.C. § 406(b) is GRANTED, the fee of $8,000.00 is APPROVED, and the Commissioner is ORDERED to forward $8,000.00 of the withheld amount to Counsel out of Plaintiff's past-due benefits. IT IS SO ORDERED.

*James D. Todd*
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

14 November 2005
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 11 in case 1:04-CV-01027 was distributed by fax, mail, or direct printing on November 18, 2005 to the parties listed.

---

Joe A. Dycus
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Joe H. Byrd
BYRD & BYRD
P.O. Box 2764
Jackson, TN 38302--276

Honorable James Todd
US DISTRICT COURT